STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-00-371
REC - Cum - 11/29/2000

CARL B. PIANKA,

　　　　Plaintiff

v.

**DECISION AND ORDER**

WASHBURN & DOUGHTY ASSOCIATES, INC.,

　　　　Defendant

## FACTUAL BACKGROUND

From 1977 to 1998, Plaintiff Carl Pianka was an officer and director of the Defendant Washburn & Doughty Associates, Inc. ("W&D"). During that time period, Pianka was Treasurer, Bruce Doughty was President and Bruce Washburn was Vice President. The three officers and directors of W&D own, as tenants in common, real property located in East Boothbay. This property was, and still is, rented to W&D. After informing his partners that he was retiring and leaving the business, Pianka filed a lawsuit against W&D and Bruce Washburn and Bruce Doughty, individually and as directors and officers, seeking back rent and making other claims related to the real property. The individual Defendants and W&D then filed a compulsory counterclaim alleging breach of fiduciary duties and asserting that if Pianka is owed any money, it was at least in part Pianka's responsibility as treasurer of W&D to have paid those amounts.

Through his counsel, Pianka made a demand on W&D for indemnification of his expenses incurred in the defense of the Counterclaims. He provided a written

undertaking to repay any amount advanced if he is finally adjudicated to have breached fiduciary duties or is found liable to the corporation. He also provided a written affirmation that he has met the standard of conduct necessary for indemnification by the corporation. The Defendant Corporation denied the demand for indemnification.

The Plaintiff filed a separate complaint in Superior Court on June 7, 2000 seeking a judgment that (i) W&D is obligated by statute to pay the expenses incurred by the Plaintiff in defending against the Counterclaims in advance of the final disposition, and (ii) W&D is obligated to indemnify the Plaintiff against judgments and amounts paid in settlement actually and reasonably incurred by the Plaintiff in connection with the Counterclaims as long as there is no final adjudication that the Plaintiff acted dishonestly or in the reasonable belief that his action was not in the best interests of the corporation. The Plaintiff is further seeking his costs of court and attorney's fees incurred in establishing his right to indemnification. Pianka filed a motion for summary judgment seeking indemnification of his expenses, including all attorney's fees reasonably incurred, in the defense of the Counterclaims as well as indemnification for the fees and expenses incurred to establish his right to indemnification.

## DISCUSSION

According to the W&D bylaws, the parties' rights and obligations are established by the Maine Business Corporation Act. Article XV of the bylaws provides

2

Section 1. <u>General Indemnification</u>. The corporation shall, to the full extent of its power to do so provided by law, including without limitation Section 719 of Title 13-A of the Maine Revised Statutes of 1964, as amended, and laws supplemental thereto or amendatory thereof, indemnify any person who was or is a Director, officer, employee or agent of the corporation or is or was serving at the request of the corporation as a Director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses, including attorney's fees, judgments, fines and amounts paid in settlement actually and reasonably incurred by him.

Section 719 of Title 13-A grants a corporation the power to indemnify an officer or director unless he has been finally adjudicated not to have acted honestly or in the reasonable belief that his action was in the best interests of the corporation or its shareholders or he has been finally adjudicated to be liable to the corporation. 13-A M.R.S.A. § 719(1) & (1-A) (1981 & Supp. 1999). Because Pianka has not been finally adjudicated to have acted dishonestly or contrary to the to the best interests of the corporation or to be liable to the corporation, this statute does not bar W&D from exercising the power of indemnification as granted by subsection 1. <u>See id</u>.

13-A M.R.S.A. § 719(4) provides

> Expenses incurred in defending a civil...action, suit or proceeding may be authorized and paid by the corporation in advance of the final disposition of that action, suit or proceeding upon a determination made in accordance with the procedure established in subsection 3 that, based solely on the facts then known to those making the determination and without further investigation, the person seeking indemnification satisfied the standard of conduct prescribed by subsection 1, or *if so provided in the bylaws, these expenses shall in all cases be authorized and paid by the corporation in advance of the final disposition of that action....*

3

(emphasis added).

The procedure set forth in subsection 3 requires a corporation to determine indemnification is proper in the circumstances and in the best interests of the corporation by a majority vote of a quorum of directors who were not parties to the action, by independent legal counsel in a written opinion, or by the shareholders. 13-A M.R.S.A. § 719(3). There is no evidence that the Defendant Corporation has engaged in that procedure. This Court cannot require W&D to engage in the procedure set forth in § 719(3). See Advanced Mining Systems, Inc. v. Fricke, 623 A.2d 82, 84-85 (Del. Ch. 1992) (holding that because an advancement of litigation expenses decision is essentially a decision to advance credit to the defendant director, the bylaw's language requiring the corporation "to indemnify" was not intended to deprive the board of its function in evaluating the corporation's interest with respect to advancement of expenses).

The Plaintiff therefore argues that because the bylaws require W&D to indemnify "to the full extent of its power to do so provided by law" and the statute clearly does not prohibit indemnification prior to final adjudication, the Court should read an indemnification requirement into the bylaws. This, however, would be contrary to the express language of the bylaws. The bylaws require indemnification against "expenses, including attorney's fees, judgments, fines and amounts paid in settlement actually and *reasonably incurred* by [Pianka]." (emphases added). The retrospective focus of the phrase "reasonably incurred" signifies that indemnification is not mandatory under the bylaws prior to final

4

adjudication.

The entry is

Plaintiff's motion for summary judgment is DENIED.

Dated at Portland, Maine this 29th day of November, 2000.

Robert E. Crowley
Justice, Superior Court

Date Filed  06-09-00  CUMBERLAND  Docket No.  CV 00-371

County

Action  DECLARATORY JUDGMENT

D    C       T

CARL B. PIANKA

DEC 11 2000

WASHBURN & DOUGHTY ASSOCIATES, INC.

vs.

| Plaintiff's Attorney<br>CHRISTOPHER C. TAINTOR ESQ 774-7000<br>PO BOX 4600, PORTLAND ME 04112 | Defendant's Attorney<br>J. MICHAEL CONLEY ESQ 443-3434<br>PO BOX 182<br>BATH ME 04530 |
|---|---|

| Date of Entry | |
|---|---|
| **2000**<br>June 12 | Received 06-09-00:<br>Complaint Summary Sheet filed.<br>Complaint with Exhibits A, B, And C filed. |
| "    " | |
| June 20 | Received 06-20-00.<br>Summons filed showing officer's return of service on 06-12-00, upon Washburn<br>& Doughty Associates, Inc. to Mr. Doughty. |
| July 6 | Received 7-6-00.<br>Defendant's answer to plaintiff's complaint with affirmative defenses<br>filed. |
| July 27 | Received 7-26-00.<br>Scheduling Order, filed. (Crowley, J.)<br>    Scheduling Order filed.  Discovery deadline is March 26, 2001.<br>Copies mailed Christopher Taintor, Esq. and J. Michael Conley, Esq. on<br>7-27-00. |
| Aug.  01 | Received 08/01/00:<br>Plaintiff's Motion for Summary Judgment filed.<br>Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment<br>filed. |
| ""    "" | Plaintiff's Statement of Undisputed Material Facts filed. |
| ""    "" | Affidavit of Carl B. Pianka filed. |
| ""    "" | Affidavit of Christopher C. Taintor with exhibits A-D filed. |
| ""    "" | Request for a Hearing on Plaintiff's Motion for Summary Judgment filed. |
| Aug.  25 | Received 08-24-00:<br>Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Sum-<br>mary Judgment filed. |
| "    " | Defendant's Response to Plaintiff's Statement of Undistputed Material Facts<br>with Exhibits  A thru C filed. |
| "    " | Affidaivt of Bruce D. Washburn with Exhibit A filed. |
| "    " | Order filed. |